Jeffrey M. Jones, jjones@djplaw.com (State Bar No. 1741)
Jeffrey A. Stephens, jstephens@djplaw.com (State Bar No. 14339)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
(801) 415-3000

*Attorneys for LifeStar Network, LLC*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIFESTAR NETWORK, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JODI HILDEBRANDT AND SUNRISE COUNSELING CENTER INC,<br><br>    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Civil No. 2:13-cv-01072-BCW<br><br>Judge Brooke C. Wells |

Plaintiff complains of the above-named defendants and alleges as follows:

### Parties

1.     Plaintiff LifeStar Network, LLC ("LifeStar") is a Utah limited liability company with its principal place of business at 5500 W. Bagley Park Road, West Jordan, UT 84081.

2.     Defendant Jodi Hildebrandt is, on information and belief, an individual residing in Utah County, Utah, and the owner and operator of Defendant Sunrise Counseling Center Inc ("Sunrise").

3. Defendant Sunrise is, on information and belief, a Utah corporation with its principal place of business at 233 S Pleasant Grove Blvd, Suite 101, Pleasant Grove, UT 84062.

**Jurisdiction and Venue**

4. This is an action for trademark infringement, false designation of origin, and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1501 *et seq.* ("Lanham Act"), unfair competition under Utah common law and statute, and breach of contract.

5. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331, 1338, and 1367 because this case arises under federal statutes, including the Lanham Act, and because Plaintiff's state law claims are substantially related thereto.

6. This Court has general and specific personal jurisdiction over Defendants, and venue is proper pursuant to 28 U.S.C. § 1391, because the defendants reside within this district, the acts complained of occurred in this district, and because the contract between Plaintiff and Defendant Hildebrandt provides for exclusive jurisdiction and venue in the state and federal courts of Utah.

**General Allegations**

7. For over 20 years, LifeStar has been helping individuals, spouses, and families heal from the devastating effects of pornography addiction and other sexually compulsive behaviors. Through an innovative and proven three phase treatment program, this intensive outpatient group therapy approach gives participants the resources, support, and structure needed to experience a successful recovery from the damaging effects of pornography and sexual addiction.

8. LifeStar is an internationally recognized treatment program in nearly 40 cities across the U.S. and Canada. Developed by Dan Gray and Todd Olson, LifeStar is run by highly trained and licensed therapists who specialize in sexual addiction recovery. Each phase of recovery is specifically designed to gently uncover, yet aggressively heal, the destructive patterns that create and maintain addictive behaviors. Workbooks, along with other materials, help provide education and structure throughout the different phases of treatment.

9. LifeStar owns U.S. Trademark Registration No. 3,398,018 for the word mark "LifeStar Network" applicable to counseling in the field of sexual addictions.

10. LifeStar has developed publications and materials for providing its program, and has common law rights in the mark LIFESTAR as applied to its goods and services.

11. LifeStar licenses its brand, materials, and other resources to therapists in different geographic areas to administer the LifeStar program in their local area.

12. Defendant Hildebrandt was at one time licensed in parts of Utah County, Utah to use LifeStar's marks and other materials pursuant to a license agreement ("License") between LifeStar and Ms. Hildebrandt.

13. Under the License, Ms. Hildebrandt was appointed as a "provider of the Program within the Territory," and was granted "a non-transferable license, under Licensor'[s] applicable trademarks, copyrights, trade secrets and other intellectual property rights, within the Territory, to market and provide the Program and distribute Participant Materials to Clients."

14. Due to a series of events, LifeStar eventually attempted to resolve differences with Ms. Hildebrandt and continue the License, but Ms. Hildebrandt was uncooperative in this

effort. In December 2012, LifeStar sent a letter to Ms. Hildebrandt providing notice of termination of the License under Section 12.1. Section 12.1 provides:

> <u>Term</u>. The initial term of this Agreement (the "Initial Term") begins upon the Effective Date and shall terminate three (3) years from such date, subject to prior termination as provided below. However, approximately sixty (60) days before the end of the Initial Term and any renewal term, authorized representatives of Licensee and Licensor shall meet to discuss and Minimum Purchase Requirements for next term, if both parties are agreeable to renewing this Agreement. Upon agreeing in writing to such Minimum Purchase Requirements, this Agreement shall be deemed renewed for an additional one (1) year term. If either party does not wish to renew this Agreement, it shall notify the other party in writing at least six (6) months prior to the end of the then-current term. The parties agree to negotiate reasonably and in good faith when setting or revising Minimum Purchase Requirements and shall do so with consideration of the then current market situation in the Territory. If the parties are unable to agree upon appropriate Minimum Purchase Requirements, either party may elect to terminate this Agreement upon thirty (30) days prior written notice.

15. The notice provided to Ms. Hildebrandt in December 2012 indicated that the License termination would be effective July 31, 2013, and reminded Ms. Hildebrandt of her obligations under the License and upon termination. Under § 12.4 of the License, termination of the contract required, among other things, that:

> (a) Licensee shall immediately discontinue its use and distribution of the Program and Licensed Materials and cease all use of the Licensed Marks. Licensee may not use or distribute the contents or concepts contained in the Program, Training Materials or Licensed Materials after termination of this Agreement for any purpose. Licensee shall ensure that each therapist and staff person understands and agrees to abide by these restrictions.
>
> (b) Licensee must immediately return all undistributed Licensed Materials to Licensor.
>
> . . .
>
> (d) Each party shall return to the other party or destroy all copies of the other party's Confidential Information, except as otherwise specified above.

> (e) In addition to where it is so stated, it is agreed that Sections 2.3, 2.5, 5, 8.5, 10.3, 11, 12.4, 13 and 14 shall survive termination of this Agreement.

License, § 12.4.

16. Section 5 of the agreement also provides that Defendant will not "provide group therapy or group psychoeducational work" to compete with LifeStar or solicit clients or potential clients away from LifeStar in the circumstances detailed in Section 5. Under Section 5.3, Defendant specifically agrees to injunctive relief for breach of these covenants:

> In light of the foregoing and the consideration provided by Licensor under this Agreement, Licensee specifically agrees that in the event it violates any of the provisions of this Section 5, irreparable harm will occur and thus shall be presumed and Licensor shall be entitled to an immediate injunction from any court of competent jurisdiction, in addition to any monetary damages or other relief that may be available at law or in equity. Licensee specifically releases Licensor from the requirement of posting any bond in connection with temporary or interlocutory injunctive relief, to the extent permitted by law. Licensee covenants and agrees not to argue in any claim or proceeding that Licensor has an adequate remedy at law with respect to any breach of this covenant.

17. After termination of the license on July 31, 2013, Defendant continued to maintain a website at www.lifestarutahcounty.com using LifeStar's trademarks and materials. On information and belief, Ms. Hildebrant has not discontinued use and distribution of LifeStar's program and materials or otherwise complied with the License provisions that survive termination.

18. On August 30, 2013, counsel for LifeStar sent a letter to Ms. Hildebrandt reminding her of the termination of the license and requesting that she cease use of the www.lifestarutahcounty.com website or any other infringing use of LifeStar's trademarks and materials, and that she otherwise comply with her obligations under the License.

19. Ms. Hildebrandt has not ceased use of the www.lifestarutahcounty.com website, and, on information and belief, has not ceased other uses of LifeStar's marks and materials previously licensed under the License.

20. Ms. Hildebrandt is, on information and belief, the owner and operator of Defendant Sunrise.  Defendant Sunrise is, on information and belief, also using Plaintiff's trademarks, at least via the www.lifestarutahcounty.com domain.

21. LifeStar has expended substantial time, money, and resources in advertising its products and developing a distinctive brand in the minds of providers, clients, and their families.

22. Defendants' use of LifeStar's registered and common law marks, or confusingly similar imitations thereof, is likely to deceive, confuse, and mislead prospective providers and clients into believing that the goods and services provided by Defendants are manufactured by, authorized by, or in some manner associated with Plaintiff, which they are not.  The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of Plaintiff's trademarks is causing irreparable harm to the goodwill symbolized by LifeStar's marks and the reputation for quality that they embody.

23. The confusion caused by Defendants' activities is particularly damaging with respect to those persons who perceive a defect or lack of quality in any publications, materials, or programs that Defendants have not directly copied from LifeStar.  This is also particularly damaging to the uniqueness of the LIFESTAR NETWORK® brand and LifeStar's ability to control the public perception of its brand.  By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm to the goodwill symbolized by LifeStar's marks and the reputation for quality that they embody.

24. On information and belief, Defendants knowingly, willfully, intentionally, and maliciously have continued to use LifeStar's trademarks following termination of the License.

25. The License provides in Section 14.2 that it

> shall be governed by and construed in accordance with the laws of the State of Utah (without regard to conflicts of laws provisions). The parties hereby submit to the exclusive jurisdiction and venue of Utah state and federal courts with respect to any action between the parties relating to this Agreement. In any legal action related to this Agreement, the prevailing party shall be entitled to an award of its reasonable costs and attorneys' fees from the other party.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract – Against Jodi Hildebrandt)**

26. Plaintiff incorporates into this Claim for Relief all of the allegations of the prior paragraphs of this Complaint.

27. Plaintiff and Defendant Hildebrandt entered into a License Agreement that, among other things, allowed Defendant Hildebrandt use of materials and intellectual property rights of Plaintiff during the term of the agreement.

28. The License terminated on July 31, 2013.

29. Plaintiff has breached at least Section 12.4 of the License, which specifies Defendant Hildebrandt's obligations upon termination of the License.

30. Defendant Hildebrandt continues to use LifeStar's trademarks and, on information and belief, other materials previously licensed under the License.

31. Defendant Hildebrandt is, on information and belief, violating the non-competition and non-solicitation covenants of the License.

32. Defendant Hildebrandt's actions have caused and are likely to continue causing substantial injury to Plaintiff, and Plaintiff is entitled to preliminary and/or permanent injunctive relief, as well as damages, costs, and attorneys' fees pursuant to the License.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement, 15 U.S.C. § 1114 – Against All Defendants)

33. Plaintiff incorporates into this Claim for Relief all of the allegations of the prior paragraphs of this Complaint.

34. Defendants' use of confusingly similar imitations of Plaintiff's LIFESTAR NETWORK® mark past termination of the License to Defendant Hildebrandt is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods or services are provided by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

35. Defendants have used marks confusingly similar to Plaintiff's federally registered mark in violation of 15 U.S.C. § 1114, and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the federally registered LIFESTAR NETWORK® mark, for which Plaintiff has no adequate remedy at law.

36. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally registered mark to Plaintiff's great and irreparable injury.

37. Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## THIRD CLAIM FOR RELIEF

**(Trademark Infringement, False Designation of Origin, and Unfair Competition, 15 U.S.C. § 1125(a) – Against All Defendants)**

38. Plaintiff incorporates into this Claim for Relief all of the allegations of the prior paragraphs of this Complaint.

39. Without the authority so to do, Defendants have continued to use LifeStar's common law marks past termination of the License to these rights, as well as marks confusingly similar to Plaintiff's registered mark.

40. Defendants' copying and use of Plaintiff's trademarks constitutes trademark infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a). Defendants' infringement is likely to cause confusion or mistake, or to deceive consumers or prospective consumers into believing that Defendants' services or products are the same as or are affiliated with, authorized by, approved by, or sponsored by LifeStar, which they are not.

41. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by its trademarks, for which Plaintiff has no adequate remedy at law.

42. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's trademarks to the irreparable injury of Plaintiff.

43. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition – Utah Code Ann. § 13-5a-101 et seq. – Against All Defendants)**

44. Plaintiff incorporates into this Claim for Relief all of the allegations of the prior paragraphs of this Complaint.

45. Defendants' actions constitute an intentional business act or practice that is unlawful, unfair, or fraudulent and leads to a material diminution in value of Plaintiff's intellectual property.

46. Defendants' actions constitute an infringement of Plaintiff's trademarks.

47. Pursuant to Utah Code Ann. § 13-5a-103, Plaintiff is entitled to actual damages, costs and attorney fees, and punitive damages.

## FIFTH CLAIM FOR RELIEF

**(Common Law Unfair Competition – Against All Defendants)**

48. Plaintiff incorporates into this Claim for Relief all of the allegations of the prior paragraphs of this Complaint.

49. Defendants' actions constitute unfair competition under Utah common law.

50.     Defendants' tortious actions have caused, and continue to cause, Plaintiff to sustain monetary losses, and other damages and injury, in an amount to be determined at trial.

51.     On information and belief, Defendants' actions were done knowingly, willfully, with actual malice, and in bad faith so as to justify the assessment of increased, exemplary, and punitive damages against Defendants, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.      Defendants be enjoined permanently from further breach of the License;

2.      Defendants and all of her agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined permanently, from using Plaintiff's trademarks or any other copy, reproduction, or colorable imitation or simulation of Plaintiff's trademarks, including on any website and social media, and from using the names of individuals associated with LifeStar;

3.      Defendants be ordered to remove all material from the website www.lifestarutahcounty.com or any other similar website using Plaintiff's trademarks and transfer all "LifeStar" domains to LifeStar;

4.      Defendants be ordered to deliver up all publications, products, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery or other materials in the possession, custody, or under the control of Defendants that are from Plaintiff, incorporate substantial portions of Plaintiff's materials, or are found to adopt or to

infringe any of Plaintiff's trademarks or that otherwise unfairly compete with Plaintiff and its products and services;

5. Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants from the sale or distribution of infringing goods or provision of services as described in this Complaint, including prejudgment interest thereon;

6. Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint, together with prejudgment interest thereon;

6. Based on Defendants' knowing and intentional use of confusingly similar imitations of Plaintiff's trademarks, the damages award be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7. Defendants be required to pay to Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8. Based on Defendants' willful and deliberate infringement of Plaintiff's trademarks, and to deter such conduct in the future, Plaintiff be awarded punitive damages; and

9. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, LifeStar hereby demands a trial by jury on all issues and claims so triable.

DATED:  December 3, 2013  **DURHAM JONES & PINEGAR, P.C.**

　　　　　　　　　　　　　　　　　　　　 */s/ Jeffrey A. Stephens*
　　　　　　　　　　　　　　　　　　　　Jeffrey A. Stephens

　　　　　　　　　　　　　　　　　　　　*Attorney for LifeStar Network, LLC*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LIFESTAR NETWORK, LLC

## DEFENDANTS
JODI HILDEBRANDT AND SUNRISE COUNSELING CENTER INC

**(b)** County of Residence of First Listed Plaintiff: Salt Lake
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Utah
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900, Salt Lake City, UT 84111
(801) 415-3000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** / **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations / ☐ 862 Black Lung (923) | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act / ☐ 863 DIWC/DIWW (405(g)) | | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act / ☐ 864 SSID Title XVI | | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation / ☐ 865 RSI (405(g)) | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation / ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure / ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment / ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land / ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability / ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property / ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1114, 1125
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE 
DOCKET NUMBER 

DATE: 12/03/2013
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeffrey A. Stephens

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.